**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:21-cr-748 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| JOHN LEE FARRIS III, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a motion by *pro se* defendant John Lee Farris III ("Farris") requesting an order directing the United States Marshals Service to return him to federal custody so that he can begin serving his federal sentence. (Doc. No. 30 (Motion).) Plaintiff United States of America (the "government") filed a response requesting that the Court deny Farris's motion. (Doc. No. 32 (Response).) Because the motion is premature, and because the Court is without authority to grant Farris the relief he seeks, the motion is denied.

On February 9, 2022, Farris pled guilty to two counts of distribution of heroin and one count of distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). (Minutes of Proceedings [non-document], 2/9/2022; *see* Doc. No. 21 (Plea Agreement); Doc. No. 1 (Indictment).) On May 31, 2022, the Court sentenced Farris to a custody term of 24 four months on each count "to be served concurrently to each other and to be served consecutively to the undischarged state court sentences in Mahoning County Common Pleas Court, [C]ase [N]o. 2019-[cr]-760, and Trumbull County Common Pleas Court, [C]ase [N]o. 2020-[cr]-800, with credit for time served to date." (Doc. No. 26 (Judgment), at 2; Minutes of Proceedings [non-document], 5/31/2022.)

In his motion, Farris indicates that he is incarcerated at Northeast Ohio Correctional Center ("NEOCC"), "which is half state [and] half [federal]." (Doc. No. 30, at 1.) He is currently housed in the section of the facility reserved for individuals serving state sentences. (*Id.*) By his calculations, he finished serving his state sentences on July 7, 2026. (*Id.*) He requests that the Court issue an order directing the United States Marshals to transfer him to the side of the facility dedicated to federal prisoners so that he can begin serving his federal sentence. (*Id.*)

The government opposes Farris's motion because "the Bureau of Prisons ("BOP") does not take custody of Farris until he completes his state court sentences, *at which point he will receive any credit for federal time served concurrently with state time*." (Doc. No. 32, at 1 (emphasis added).) According to the government, Farris has completed his state sentence in the Trumbull County case (No. 2020-cr-800), but he will not complete his state sentence in the Mahoning County case (No. 2019-cr-760) until March 29, 2027.[1] (*Id.*) Additionally, while serving his sentence in No. 2019-cr-760, Farris was convicted of trafficking fentanyl, possession of fentanyl, and illegal conveyance in Lorain County Common Pleas Court (No. 2022-cr-107815), and sentenced to a four to six year prison term, to run concurrent to his federal and other state court sentences. (*Id.* at 2.) The government represents that Farris's current release date in Lorain Case No. 2022-cr-107815 is January 29, 2028. (*Id.*) The Court's review of the Ohio Department of Rehabilitation and Correction's ("ODRC") website confirms that Farris's anticipated date of release from state custody is January 29, 2028.[2]

---

[1] The government's response appears to contain a typographical error in the date; the response provides that Farris will complete his service on Case No. 2019-cr-760 on March 29, *2017*, rather than March 29, 2027.

[2] (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A783255, last visited 10/15/2026.)

Additionally, the government notes:

> [T]he BOP [is] aware of when [Farris's] state court sentences end and will be permitted to pick him up five business days prior to his release. According to ODRC, they will work with BOP once Farris's state sentences are completed by calculating the concurrent federal time that was served while in ODRC custody.

(Doc. No. 32, at 2.)

Based on the government's response, and the Court's independent review, it appears that Farris's motion is premature, as he is expected to remain in state custody until January 2028. Moreover, because Farris is currently in state custody, his motion seeks relief that *any* federal court is without authority to provide. Under the doctrine of primary jurisdiction, the sovereign that first arrests an offender has primary jurisdiction over him, and maintains primary jurisdiction even if the offender is subsequently arrested by another sovereign. *See United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002) (citation omitted). "[W]hen [as here] a state has primary custodial jurisdiction over an inmate, a federal court cannot order the delivery of the defendant for service of a sentence in a federal institution." *Moore v. Schuetzle*, 486 F. Supp. 2d 969, 981–82 (D.N.D. 2007) (quoting *Fisher v. Goord*, 981 F. Supp. 140, 177 (S.D.N.Y. 1997)). Indeed, "[s]uch an order would be tantamount to a transfer of custody beyond the jurisdiction of the federal court." *Fisher*, 981 F. Supp. at 177 (citation omitted).

Once Farris has completed his state sentences, he will be transferred to federal custody, at which time the BOP will calculate his remaining sentence in the present case, affording him any credit he is due for federal time served in state custody. BOP has exclusive authority over the execution of a federal sentence, and it is the prerogative of the BOP to determine whether a prisoner is entitled to any sentencing credits. *United States v. Wilson*, 503 U.S. 329, 334–37, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) (citations

omitted); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citation omitted); *see* 18 U.S.C. § 3585(b). Should Farris take issue with the BOP's calculation of his remaining federal sentence, his remedy will be to file a habeas petition, pursuant to 28 U.S.C. § 2241, in the jurisdiction in which he is confined,[3] after proper exhaustion of administrative remedies. *McCain v. Webb*, 62 F. App'x 596, 598 (6th Cir. 2003) ("A petition under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian is the proper remedy for a prisoner requesting relief from the execution of a federal sentence." (citation omitted)); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." (citation omitted)); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

For foregoing reasons, Farris's motion (Doc. No. 30) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 15, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[3] The BOP will also determine *where* Farris will serve the remainder of his federal sentence. While Farris apparently would like to serve his federal sentence on the "federal side" of NEOCC—which is located in the judicial district of the Northern District of Ohio—the exclusive authority to determine a prisoner's place of incarceration rests with the BOP, not with the sentencing court. 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Any habeas petition, therefore, must be filed in the jurisdiction where Farris's facility is located.